UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| TRACY SOUSLEY, §<br>          *Plaintiff*, §<br>§<br>v. §<br>§<br>INSIGNIA HOSPITALITY GROUP, INC., §<br>d/b/a HOLIDAY INN, §<br>          *Defendant*. § | MO:24-CV-00117-DC-RCG |

### REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Defendant Insignia Hospitality Group, Inc., d/b/a Holiday Inn's Second Partial Motion to Dismiss or, in the alternative, Rule 12(e) Motion for a More Definite Statement. (Doc. 12). This case is before the undersigned through an Order pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration of the record and applicable case law, the Court **RECOMMENDS** Defendant's Partial Motion to Dismiss be **DENIED WITHOUT PREJUDICE** and Defendant's Motion for a More Definite Statement be **GRANTED**. (Doc. 12).

### I.   BACKGROUND

On March 29, 2024, Plaintiff Tracy Sousley ("Plaintiff") filed her Original Complaint against Defendant Insignia Hospitality Group, Inc. ("Defendant") in the Midland County Court at Law. (Doc. 1-4). On May 8, 2024, Defendant removed the action to this Court. (Doc. 1). On July 19, 2024, Defendant filed its first Motion to Dismiss, or alternatively, Motion for a More Definite Statement. (Doc. 6). The Magistrate Judge then issued a Report and Recommendation denying Defendant's Motion to Dismiss, granting Defendant's Motion for a More Definite Statement, and ordering Plaintiff to restate her case and replead her claims with more specificity.

(Doc. 9 at 5). With no objections filed, the Court adopted the Report and Recommendation and ordered Plaintiff to file her First Amended Complaint, which she did. (Docs. 10, 11).

In her Amended Complaint, Plaintiff alleges two causes of action: (1) a violation of the Fair Labor Standards Act and (2) implied breach of contract between employer and employee. (Doc. 11 at 5). On February 3, 2025, Defendant filed a Second Partial Motion to Dismiss arguing Plaintiff fails to state a breach of contract claim. (Doc. 12 at 4). In the alternative, Defendant requests Plaintiff be required to file a more definite statement under Rule 12(e). *Id*. The instant Motions have been fully briefed and are ripe for disposition. (Docs. 13, 14).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a party to move for the dismissal of a complaint for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim for relief must contain: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to the relief"; and (3) "a demand for the relief sought." FED. R. CIV. P. 8(a). A plaintiff "must provide enough factual allegations to draw the reasonable inference that the elements exist." *Innova Hosp. San Antonio, L.P. v. Blue Cross & Blue Shield of Ga., Inc.*, 995 F. Supp. 2d 587, 602 (N.D. Tex. 2014) (citing *Patrick v. Wal–Mart, Inc.-Store No. 155,* 681 F.3d 614, 617 (5th Cir. 2012)); *see Torch Liquidating Tr. ex rel. Bridge Assocs. LLC v. Stockstill*, 561 F.3d 377, 384 (5th Cir. 2009) ("[T]he complaint must

contain either direct allegations or permit properly drawn inferences to support every material point necessary to sustain recovery") (internal quotation marks and citations omitted).

In a court's review of a motion to dismiss under Rule 12(b)(6), all factual allegations from the complaint should be taken as true, and the facts are to be construed in the light most favorable to the nonmoving party. *Fernandez-Montes v. Allied Pilots Assoc.*, 987 F.2d 278, 284 (5th Cir. 1993). Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "'[N]aked assertions' devoid of 'further factual enhancement,'" and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); *see R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (stating that the court should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions.").

When a party moves under Federal Rule of Civil Procedure 12(e) for a more definite statement, the court is afforded discretion to determine whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading. *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959). A more definite statement of a pleading is required when the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

### III. DISCUSSION

Plaintiff's First Amended Complaint is insufficient as to her breach of contract claim. As Defendant points out, Plaintiff's only mention of the cause of action is in Section 5 of her Complaint, which states, "For causes of action, the Plaintiff pleads the following: . . . (b) implied breach of contract between employer and Employee." (Doc. 11 at 5). Plaintiff's claim falls victim to the same issue her Original Complaint did—"her breach of contract claim lacks any factual allegations as to the purported parties, terms, and/or breach of any agreement." (Doc. 9 at 4). Thus, the Court is inclined to dismiss the cause of action.

However, because Defendant has so generously filed a Rule 12(e) Motion for a More Definite Statement in the alternative, the Court will give Plaintiff one more bite at the apple. The Court takes this opportunity to remind Plaintiff this is federal court. Here, a notice pleading standard does not suffice. Plaintiff must plead "enough facts to a state a claim to relief that is plausible on its face," and her "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Because the Court is not convinced Plaintiff "can prove no set of facts in support of [her] claim which would entitle [her] to relief," her breach of contract cause of action will survive another day. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Accordingly, Plaintiff should be afforded the opportunity to file an amended complaint which complies with the pleading requirements of Rules 8 and 9(b) of the Federal Rules of Civil Procedure.

Further, Defendant requests the Court order Plaintiff to elaborate on her allegation that Defendant "had a pattern and practice of providing false employment information to the United States government and its agencies, as well as agencies of the State of Texas." (Docs. 11 at 3; 12 at 5). Defendants argue Plaintiff did not provide any facts or details regarding: "(1) the

4

alleged pattern or practice of Defendant's conduct; (2) the purportedly false employment information; (3) the method and/or means of transmittal; (4) the specific Federal Government agency(ies) to which this purportedly inaccurate information was allegedly provided; or (5) the specific State agency(ies) to which this purportedly inaccurate information was allegedly provided." (Doc. 12 at 5). While declining to instruct Plaintiff on the specifics of her pleadings, the Court recommends Plaintiff replead her breach of contract claim with more specificity to allow Defendant to respond.

### IV. CONCLUSION

For these reasons, the Court **RECOMMENDS** Defendant's Motion to Dismiss be **DENIED WITHOUT PREJUDICE**. (Doc. 12). Further, the Court **RECOMMENDS** Defendant's alternative Motion for a More Definite Statement be **GRANTED** (Doc. 12), and Plaintiff be **ORDERED** to **RESTATE HER CASE AND REPLEAD HER BREACH OF CONTRACT CLAIM WITH MORE SPECIFICITY**. Plaintiff's amended complaint shall provide adequate <u>facts</u> to allow Defendant to frame a responsive pleading to her breach of contract clam, including what actions Defendant took and when they were taken. Additionally, if this Report and Recommendation is adopted, the Court **RECOMMENDS** Plaintiff be **ORDERED** to file her Second Amended Complaint no later than **<u>thirty (30) days from the date it is adopted</u>**.

SIGNED this 7th day of July, 2025.

_____
RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).